FILED
SUPERIOR COURT
OF GUAM

2019 APR 17 AM 8:56

CLERK OF COURT

By: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| TINA ROSE JOCSON, ) | Domestic Case No. DM0611-18 |
| ) | |
| Plaintiff, ) | |
| ) | **DECISION AND ORDER** |
| vs. ) | |
| ) | |
| MARC U. JOCSON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## INTRODUCTION

This matter came before the Honorable Linda L. Ingles on January 31, 2019 upon Defendant's Brief Concerning Imputation of Income. Defendant Marc U. Jocson was present and represented by Attorney Seaton M. Woodley III. and Plaintiff Tina Rose Jocson appeared with Attorney Catherine Bejerana Camacho.

## FACTS

1. Tina Rose Jocson ("Tina") and Marc U. Jocson ("Marc") were married on July 2, 2005.

2. The marriage produced three children, two of whom are currently minors: A.M.J. (D.O.B. 04/26/2006) and S.R.J. (D.O.B. 10/08/2011).

3. The parties separated on September 1, 2018, and since that date have been sharing physical custody of the minor children on a week-on/week-off schedule.

4. Tina filed for divorce on November 7, 2018.

5. On January 7, 2019, Marc filed his Worksheet "B" for Child Support Amount with Shared Physical Care. He listed his monthly gross income as $8,819.00 and Tina's income as $2,382.00. Tina's income was calculated based on her current employment with the Government of Guam.

6. Counsel for Marc later learned that Tina had worked for Nissan Guam from 2007 to 2009 and earned a greater income at that time than she currently earns at the Government of Guam. Marc therefore filed a second Worksheet B on January 31, 2019. His monthly gross income remained at $8,819.00, but Tina's monthly gross income was now listed as $6,077.00 ($3,695.00 higher than in the previous Worksheet B).

## ISSUES

1. Whether Tina's income from employment at Nissan during 2007, 2008, and 2009 should be considered in calculating her monthly gross income.

## PRINCIPLES OF LAW

The Guam Child Support Guidelines provide that Child Support is calculated pursuant to 19 G.A.R.R. § 1203. Section 1203(5) states the following:

> "If a parent is unemployed or working below full earning capacity, the court may consider the reasons. If earnings are reduced as a matter of choice and not for reasonable cause, such as caring for children, the court may attribute income to the parent up to his or her earning capacity."

An award of child support is premised on the notion that the children should maintain a standard of living which as closely as possible approximates the one they would have had if the family remained together, recognizing the cost of maintaining two households. 19 G.A.R.R. § 1202(b)(2).

Attributing income to a parent who is unemployed or working below full earning capacity requires the court to first consider the voluntariness of a parent's unemployment or underemployment. 19 Guam Admin. R. & Regs. §§ 1202(c)(1), 1203(a)(5); Leon Guerrero v. Moylan, 2002 Guam 18 ¶¶ 31–33. In determining whether a parent has the opportunity to work, the court must determine whether there is a "substantial likelihood that a party could, with reasonable effort, apply his or her education, skills and training to produce income. Leon Guerrero v. Moylan, 2002 Guam 18 ¶ 32 (internal citation omitted). If the Court finds that earnings have been voluntarily reduced, then the Court applies a balancing test to determine if the parent's choice was reasonable. Id. ¶¶ 31–35.

//

//

## ANALYSIS

1. **The Court has broad discretion in determining whether to impute income.**

As a preliminary matter, the Court notes that Section 1203(5) gives the Court broad discretion as to whether to impute income to a parent. The statute states that a Court has the discretion to deny imputing income to Tina even in the event it finds that she is working below her full earning capacity. "If a parent is unemployed or working below full earning capacity, the court *may* consider the reasons." 19 G.A.R.R. § 1203 (emphasis added). Further, even in the event the Court determines that Tina reduced her income as a matter of choice, the Court is still not required to impute income. "If earnings are reduced as a matter of choice and not for reasonable cause, such as caring for children, the court *may* attribute income to the parent up to his or her earning capacity." Id. (emphasis added). The Court is therefore not constrained by strict guidelines, but is instead tasked with considering the purpose of the statute and using discretion to find a result that is just and reasonable.

2. **Marc's assertion that Tina could be earning the same income that she earned in 2009 is purely speculative.**

For the Court to impute income to a party pursuant to Section 1203(5), the Court must first find that the party is either unemployed or working below full earning capacity. In determining whether a parent has the opportunity to work, the court must determine whether there is a "substantial likelihood that a party could, with reasonable effort, apply his or her education, skills and training to produce income." Leon Guerrero, 2002 Guam 18, ¶ 32 (internal citation omitted).

The Court does not find that Tina is working below her full earning capacity. The only evidence presented that Tina is working below her full earning capacity is the fact that Tina earned an average monthly income of $6,077.00 during the three year period of 2007 to 2009 when she worked at Nissan Guam. Marc's Brief at 1 (Jan. 31, 2019). The Court finds it highly speculative to assume that Tina could currently obtain employment at the salary she earned at Nissan Guam. She has not worked in that industry for roughly ten years. Additionally, the parental time restraints which led to Tina's initial resignation from Nissan Guam still apply to her today and would limit the types of jobs she could consider. For this reason, the Court finds that Tina is not working below her earning capacity. Nonetheless, although the Court has

determined that Tina is not working below her full earning capacity, the Court will also address whether imputation would be appropriate in this case if it had found that she were in fact working below such earning capacity.

### 3. **Tina's decision to change careers was for a reasonable cause.**

Section 1203(5) states that the Court may impute income if it finds that a parent's earnings are "reduced as a matter of choice and not for reasonable cause, such as caring for children." The Supreme Court of Guam has developed a balancing test to determine whether a parent has demonstrated a reasonable cause for a reduction in income. Leon Guerrero, 2002 Guam 18, ¶ 35. Under the balancing test, a court first examines the impact a change of employment will have on the children. Id. Then, the court considers the overall reasonableness of a parent's decision, looking at both the nature and reasons for the change. Id.

*a. Tina's initial change of employment had a positive impact on the children, and a change now would have a negative impact on the children.*

The first factor the Court is to consider under the Leon Guerrero balancing test is the impact an employment has had, or will have, on the children. The Leon Guerrero decision and the cases cited therein consider the impact of a parent reducing his or her income after a divorce, leaving the children with access to less financial resources than they had before. Marc is asking Tina to quit her existing job and find a new job that would provide the parties with a combined income much higher than that to which the children are accustomed. While the Court does not believe that the children would be harmed by the extra income, the Court also does not find that they will be harmed by their parents continuing to earn the same income that they have earned over the previous ten years.

The Court additionally finds that a change in Tina's employment could actually be detrimental to the children because of the potential change in her working hours. Tina has worked at the Government of Guam for approximately ten years, and the children have grown up accustomed to Tina's present work routine. Thus, the Court finds that an order effectively requiring Tina to change jobs would not be of benefit to the children and the change could actually be harmful to them.

*b. Tina's decision to change jobs was reasonable and her decision to remain employed with the Government of Guam is also reasonable.*

The second factor the Court is to consider under <u>Leon Guerrero</u> is the overall reasonableness of Tina's employment decisions, looking at both the nature and reasons for her decision to switch jobs, as well as her decision to remain at her current employment with the Government of Guam. Tina resigned from her position with Nissan Guam in 2010. Tina states that she decided to resign from Nissan Guam "[a]fter thinking it through and serious discussion with [Marc]." Tina's Declaration (Feb. 20, 2019). Marc states that there was no discussion between the parties concerning Tina's resignation from Nissan Guam, and that he was off-island when she resigned and did not learn of her resignation until he returned. Marc's Declaration (Feb. 26, 2019). While it is unclear whether the parties agreed to Tina's change in employment, the Court finds that the change was reasonable as it provided Tina with more time to spend with her young children, including one child who was not yet of school age. The Court further notes that the parties remained married to each another for almost ten years following Tina's decision to change jobs.

In deciding whether to impute income, the Guam Child Support Guidelines specifically mention that "caring for children" may be a "reasonable cause" for being voluntarily unemployed or underemployed. 19 GAR § 1203(a)(5). Tina's initial decision to change jobs occurred in 2009, when A.M.J. was not yet of school age. The Court finds that Tina's initial decision to change jobs in order to spend more time caring for her children was reasonable. However, Marc is now arguing that Tina should return to her former employment, which means he must demonstrate that Tina is now acting unreasonably in her decision to continue her current employment.

The parties' youngest children are now ages 12 and 7. The Supreme Court of Guam has held that "caring for children" is not a reasonable cause for voluntary unemployment under regulation 1203(a)(5) while the children are attending school. <u>Richardson v. Richardson</u>, 2010 Guam 14, ¶ 37. This matter however, does not involve an unemployed parent. While raising her two children would not provide Tina with an excuse to be unemployed, is it reasonable for Tina to avoid jobs that require schedules which would interfere with her ability to attend to her children's extracurricular activities. Because of Tina's familiarity with her job at the

Government of Guam and her continued need to be available to her children, the Court finds that she is acting reasonably in her decision to remain employed at her current job.

Finally, Marc argues that "[t]he factual discussion in the [Leon Guerrero] case is strikingly similar to the Jocson case." Response at 1 (Feb. 26, 2019). First, the Court notes that Marc is relying on the non-binding Superior Court of Guam decision in DM0457-97, issued on March 6, 2001. This case was appealed to the Supreme Court of Guam, which ruled on this matter in the previously cited opinion of Leon Guerrero v. Moylan, 2002 Guam 18. Marc's Brief and Opposition papers both rely entirely on DM0457-97 and fail to make any reference to the Supreme Court's opinion on the appeal of that matter. Further, the Court disagrees with Marc's contention that the facts of the Leon Guerrero case are similar to the facts of the present case. In Leon Guerrero, the parties divorced in 1997 and the appellant's change in employment took place in early 2001. Leon Guerrero, 2002 Guam 18, ¶¶ 3, 31. This is a much different situation from the facts of this case, where Tina resigned from Nissan Guam nearly a decade before the marriage ended. The Court finds that imputation of income is more likely to be appropriate in a case where a party voluntarily decreases his or her income during the pendency of divorce proceedings or after child support has been ordered, such as the Leon Guerrero case. Given the facts of this case, imputation of income would be unjust and unreasonable.

**CONCLUSION AND ORDER**

Based on the forgoing, the Court DENIES Marc's request that the Court impute income to Tina.

SO ORDERED, this __17th__ day of __April_ 2019.

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

_WOOLEY_
_C. B. CAMACHO_

Date: _4/17/19_ Time: _9AM_

_____
Deputy Clerk, Superior Court of Guam

HONORABLE LINDA L. INGLES
Family Court Referee, Superior Court of Guam